# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>MARK SIMON<br>        Defendant. | Case No. 21-CR-0067(ABJ) |

**DEFENDANT'S MEMORANDUM REGARDING SENTENCING; EXHIBIT**

Defendant, Mark Simon, by and through his attorney of record, Deputy Federal Public Defender Amy M. Karlin hereby files a memorandum setting forth his position regarding sentencing.

## I.   Introduction

Defendant Mark Simon appears for sentencing following his guilty plea to one count of Parading, Demonstrating or Picketing in a Capital building in violation of 40 U.S.C, § 5104(e)(2)(G). This offense is a Class B misdemeanor. On November 19, 2021, a revised Presentence Report (PSR) was disclosed by the Probation Office and a sentence of 90 days in custody was recommended. The government has recommended a sentence of 45 days incarceration.

Mr. Simon submits that a sentence less than that recommended by the Probation office and the government should be imposed. He respectfully requests the Court impose the sentence of 24 months' probation and 60 hours of community service. Such a sentence is reasonable based upon the facts set forth in the Presentence Report and this sentencing position. Additionally, this sentence will avoid unwarranted sentencing disparity with other similarly situated individuals.

## II.   18. U.S.C. § 3553(a)

The Supreme Court has consistently held that federal judges should impose sentences that are not greater than necessary to satisfy the statutory purposes of sentencing, consider all the characteristics of the offender and circumstances of the offense, reject advisory guidelines that are not based on national sentencing data and empirical research, and serve their function in the constructive

1

evolution of responsible guidelines. See U.S. v. Booker, 543 U.S. 220 (2005); Rita v. U.S., 127 S. Ct. 2456 (2007); Gall v. U.S., 128 S. Ct. 586 (2007); Kimbrough v. U.S., 128 S. Ct. 558 (2007); Spears v. U.S., 129 S. Ct. 840 (2009); Nelson v. U.S., 129 S. Ct. 890 (2009).

The applicable sentencing statutes provide that a sentencing court "shall impose a sentence sufficient, but not greater than necessary" to achieve the objectives of sentencing. See 18 U.S.C. §§ 3553(a), 3582(a), and 3661. In arriving at the appropriate sentence, § 3553(a) directs sentencing courts to consider: (1) the nature and circumstances of the offense; (2) the history and characteristics of the offender; (3) the need to impose a punishment that reflects the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (4) to afford adequate deterrence; (5) to protect the public from further crimes; (6) to provide the defendant with needed education, vocational training, medical care or other correctional treatment; (7) the kinds of sentences that are available; and (8) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a)(1), (2), (3), (4), (6). When these factors are fully considered, a sentence of 24 months' probation and 60 hours of community service is the just sentence.

A.   **History and Characteristics of the Defendant.**

Mr. Simon is a lifelong resident of Orange County, California. As a child, Mr. Simon had "difficulty learning" and received special education services in middle and high school. PSR at ¶69. It was during this time, in middle school, that he started drinking alcohol and using marijuana. Id. at ¶63. Mr. Simon's addiction soon escalated to a daily use of methamphetamines and as a result, he sustained several criminal convictions. Id. at ¶63, 33-36.

In 1998, Mr. Simon completed a six-month residential drug treatment program and successfully maintained his sobriety for 16 years. Id. at ¶63. During this time, Mr. Simon married, had two children, and operated an air duct cleaning business.

In 2016, Mr. Simon relapsed and once again, started using methamphetamines daily. As a result, he lost his business, his family, his home, and picked up several new criminal convictions. Id. at ¶64. For much of 2020, Mr. Simon was homeless and lived in his car. To support himself during this period, he sold Trump hats at various locations in Huntington Beach and was a "self-employed petition circulator," earning $8 for each signature he obtained. Id. at ¶57, 72.

2

Mr. Simon appears before the Court for sentencing a different person than he was in January 2021.  In February 2021, Mr. Simon was incarcerated in the Orange County jail for violating his probation due to his unapproved travel to Washington D.C.  He was sentenced to 180 days incarceration with credit for 6 days followed by a reinstatement of probation. Id. at ¶40.  Mr. Simon was released from custody on May 23, 2021, and he immediately entered the Twin Town Treatment Center. On September 23, 2021, Mr. Simon successfully completed the drug program and was discharged. Id. at ¶64-65.

Presently, Mr. Simon is "working daily on [his] recovery" and "attending AA/NA meetings, going to church, and staying away from anyone on drugs." Exhibit A, Letter to the Court. He has rebuilt his relationship with his adult children and is looking forward to restarting his air conditioning business.  Mr. Simon's girlfriend, Michelle Stauder, has also seen the change in Mr. Simon since he regained his sobriety.  She told the probation office that "Mr. Simon's 'mind was not in the right place in the beginning of the year, but he is now sober and regularly attending AA/NA meetings and church services.'" PSR at ¶58.

Mr. Simon takes full responsibility for his actions on January 6, 2021.  As he states in his letter to the Court, "I am very sorry and completely regret my actions on January 6th.  I made a big mistake by going to the doors of the capital and making a video. Once I saw the police and chaos inside, I immediately turned around and left." Exhibit A. "Although I cannot take back my actions that day. I have learned from them.  I have learned that drugs and alcohol will always ruin my life and anyone around me." Id.

A sentence of probation and community service is reasonable and appropriate in this case because Mr. Simon's substance abuse issues are mitigating factors that directly led to his participation in the offense.

    **B.**    **The need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment and Protect the Public from Further Crimes.**

A sentence of probation with 60 hours of community service is a meaningful sentence and one that is sufficient to reflect the seriousness of Mr. Simon's conduct.  It will provide just punishment for his actions and, when combined with continued drug testing as a condition of probation, this sentence

will protect the public from further criminal activity.

    **C.**    **Unwarranted Sentencing Disparity**

As the government states in their sentencing memorandum, "those who trespassed, but engaged in aggravating factors, merit serious consideration of institutional incarceration. While those who trespassed, but engaged in less serious aggravating factors, deserve a sentence more in line with minor incarceration or home detention." Here, Mr. Simon was only momentarily inside the United States Capitol.  He approached a door on the east side of  U.S. Capitol, stood in the doorway threshold for less than two minutes, made a couple of quick comments on video and then, departed as he observed the "police and chaos inside." Exhibit A. There is no evidence, as the government argues in support of their recommendation for incarceration, to suggest Mr. Simon "witnessed the violent breach of the Rotunda Doors."  In fact, the video snapshots included in the government's sentencing memorandum, show the Rotunda Doors already open as Mr. Simon approaches the building. Therefore, a sentence of probation with community service is reasonable for Mr. Simon's conduct on January 6, 2021.  Such a sentence would also avoid an unwarranted sentencing disparity with individuals who have been found guilty of similar conduct.

Individuals with similar conduct have already been sentenced to a term of probation. In *United States v. Kevin Cordon,* 21-cr-277 (TNM), Kevin Cordon entered through a broken window and walked into the Crypt of the Capitol building and then, exited through a different window. He was inside the U.S. Capitol for approximately 4 minutes. Mr. Cordon was sentenced to 12 months' probation and a $4,000 fine; *United States v. Sean Cordon,* 21-cr-00269 (TNM), Sean Cordon entered through a broken window and was inside the building for approximately 4 minutes. He was sentenced to 2 months' probation and a $4,000 fine; *United States v. Anna Morgan-Lloyd*, 21-cr-00164 (RCl), Ms. Morgan entered the Capitol building and walked through a hallway. When interviewed by law enforcement, she admitted that she remained in the building for approximately five minutes. Ms. Morgan-Lloyd was sentenced to 120 community service hours; *United States v. Valerie Ehrke*, 21-cr-00164 (RCL), Ms. Ehrke entered the U.S. Capitol through a set of double doors and proceeded about fifteen feet into the building before she was pushed out of the building. Ms. Ehrke was sentenced to 36 months' probation.

Individuals who were inside the U.S. Capitol for much longer than Mr. Simon have also been sentenced to a term of probation. In *United States v. Jonathan* Sanders, 21-cr-00384 (CJN), Mr. Sanders entered the Capitol after the doors were breached and walked into the Rotunda. While inside, he took pictures and videos and sent them to friends. He left from the Rotunda door to return outside. Mr. Sanders was sentenced to 36 months' probation and 60 hours of community service; *United States v. Danielle Doyle*, 21-cr-00324 (TNM), Ms. Doyle entered the U.S. Capitol through a broken window and remained within the building for approximately 20-25 minutes. She received a sentence of 2 months' probation and a $3,000 fine; *United States v. Thomas Vinson*, 21-cr-00355 (RBW), Mr. Vinson was inside the U.S. Capitol for approximately 13 minutes.  He was sentence to 5 years' probation, a $5,000 fine, and 120 hours of community service; *United States v. Eliel Rosa*, 21-cr-00068 (TNM), Ms. Rosa was inside the U.S. Capitol for approximately 20 minutes.  She received a sentence of 12 months' probation and 100 hours of community service; *United States v. Thomas Gallagher*, 21-cr-00041 (CJN), Mr. Gallagher was inside the U.S. Capitol Visitor's Center.  He received a sentence of 24 months' probation and 60 hours of community service; *United States v. John Wilkerson IV, 21-cr-00302* (CRC)*,* Mr. Wilkerson was seen on video entering the U. S. Capitol through a door near the North West Courtyard.  He walked to and from the Rotunda and exited the building.  Mr. Wilkerson was sentenced to 36 months' probation, $2500 fine, and 60 hours of community service.

In support of their request for a sentence of 45 days incarnation, the government points to several cases where individuals with criminal history like that of Mr. Simon were sentenced to incarceration.  These cases are distinguishable because those defendants trespassed but engaged in a more aggravating manner than that of Mr. Simon.  In *United States v. David C. Mish Jr.* 21-cr-112(CJN), Mr. Mish entered in a doorway behind the scaffolding on the west side of the building. While inside the U.S. Capitol, he entered a bathroom near the Speaker's Lobby. Mr. Mish was sentenced to 30 days.  In *United States v. Michael Curzio*, 21-cr-41 (CJN), Mr. Curzio was inside the Capitol Visitors Center, and he refused to leave when U.S. Capitol Police issued commands for everyone to leave the building.  Mr. Curzio was, then, arrested for unlawfully entering the building.  He was sentenced to 6 months incarceration.

Finally, as to Mr. Bauer and Mr. Hemenway, *United States v. Robert Bauer and Edward Hemenway*, 21-cr-49 (TSC), the government's description of their conduct in the sentencing memorandum is clearly different than that of Mr. Simon's conduct. Both Bauer and Hemenway remained in the U.S. Capitol for approximately 17 minutes and made their way into the Crypt where police officers were being attacked. Mr. Bauer did not express remorse for his actions to the FBI and "treated the chaos and disorder around him as an entertaining spectacle, even posing for a selfie-like photograph in a mob of people inside the Capitol with his middle finger raised." They each received a sentence of 45 days on incarceration and 60 hours of community service.

A sentence of 24 months' probation with 60 hours of community service is a reasonable sentence for Mr. Simon's conduct on January 6, 2021. He did not climb through a broken window to enter the U. S. Capital. He did not roam the hallways or enter the Rotunda. He was not pushed out of the building or arrested by Capital police for refusing to leave. Mr. Simon stood just inside the threshold of the door, made a couple of comments on video, and then, quickly left the building.

### III. CONCLUSION

Based upon the above-stated factors, the Court should impose a sentence of 24 months' probation with 60 hours of community service. Such a sentence is reasonable and appropriate in this case and should be imposed.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 29, 2021     By  */s/ Amy M. Karlin*
AMY M. KARLIN
Deputy Federal Public Defender
(Bar No. 150016)
411 West Fourth Street, Suite 7110
Santa Ana, California  92701-4598
Telephone:  (714) 338-4500
(E-Mail:  Amy_Karlin@fd.org)